# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:11-CR-39-TLS |
| | ) | |
| TRENT D. MOORE | ) | |

## OPINION AND ORDER

On June 3, 2013, the Defendant filed a Sentencing Memorandum [ECF No. 87] in which he argued that his base offense level is "highly over inflated" in the Presentence Investigation Report (PSR) because "the Defendant cooked the cocaine into crack at the request of the confidential informant, a government agent." (Sentencing Mem. 2, ECF No. 87.) The Defendant cited no caselaw in support of his argument. The Government filed a Sentencing Memorandum [ECF No. 88] on June 6, arguing that because the Defendant's Guidelines range was based on his career offender status and not the quantity of drugs involved, it does not matter whether the Defendant distributed powder cocaine or cooked and distributed crack cocaine for purposes of determining his Guidelines range. The Government also cited no caselaw.

Under U.S.S.G. § 4B1.1(b), the Guidelines offense level for a career offender is determined based on the statutory maximum penalty for the offense of conviction. In this case, the Probation Officer found in the PSR that the Defendant's career offender offense level would be 37 because his offense of conviction—21 U.S.C. § 841(a)(1)—has a statutory maximum penalty of life. (PSR ¶ 32, ECF No. 73.) This determination appears to be based on the conclusion that the drugs the Defendant distributed met the requirements for a sentence with a maximum penalty of life imprisonment under 21 U.S.C. § 841(b)(1)(B). According to the PSR, the Defendant is responsible for distributing 2.4 grams of cocaine, and 202.1 grams of cocaine

base or crack. Therefore, using the Drug Equivalency Tables from U.S.S.G. § 2D1.1, Application Note 10(D), the Defendant is responsible for distributing just over 722 kilograms of marijuana. That amount is not sufficient to meet the 21 U.S.C. § 841(b)(1)(A) threshold. However, because the Defendant has previously been convicted of a felony drug offense, he would have a statutory maximum penalty of life under 21 U.S.C. § 841(b)(1)(B) because he is responsible for distributing more than 100 kilograms of marijuana. The Probation Officer, accordingly, determined the Defendant's career offender offense level to be 37 under U.S.S.G. § 4B1.1(b) because the statutory maximum penalty for distribution of 722 kilograms of marijuana would be life under 21 U.S.C. § 841(b)(1)(B).

The Court finds, however, that the Government is incorrect in stating that distributing cocaine versus distributing crack could not affect the Defendant's Guidelines range. Nothing in the record indicates how much cocaine the Defendant cooked into crack at the request of the confidential informant.[1] But it appears that, if the confidential informant had not insisted the Defendant convert the cocaine into crack, the Defendant's statutory maximum penalty using the Drug Equivalency Tables could have been 30 years under 21 U.S.C. § 841(b)(1)(C).[2] If the Defendant's statutory maximum penalty had been 30 years, then his career offender offense level would have been 34 instead of 37. (*See* U.S.S.G. § 4B1.1(b).) Therefore, the Defendant's

---

[1]According to the United States Department of Justice, "[o]ne gram of powder cocaine yields approximately .89 grams of crack cocaine." Federal Cocaine Offenses: An Analysis of Crack and Powder Penalties 3, *available at* http://www.justice.gov/olp/pdf/crack_powder2002.pdf.

[2]Assuming the ratio from the preceding footnote, the Defendant would have distributed approximately 227 grams of cocaine if he had not cooked it into 202.1 grams of crack (202.1/.89=227). Adding his additional 2.4 grams of cocaine, the Defendant would have been responsible for distributing approximately 229.4 grams of cocaine. That drug amount would not meet the threshold for either 21 U.S.C. § 841(b)(1)(A) or (B). Cocaine is a schedule II controlled substance; therefore, the Defendant's maximum penalty would have been 30 years under 21 U.S.C. § 841(b)(1)(C) because of his prior felony drug offense.

Guidelines range could depend on whether he distributed the cocaine as powder or cooked it into crack.

The Seventh Circuit recognizes the doctrine of sentencing entrapment. To succeed on a sentencing entrapment claim, a defendant must show: "(1) that he lacked a predisposition to commit the crime, and (2) that his will was overcome by 'unrelenting government persistence.'" *United States v. Turner*, 569 F.3d 637, 641 (7th Cir. 2009) (quoting *United States v. Gutierrez-Herrera*, 293 F.3d 373, 377 (7th Cir. 2002)). Further, "[t]he government may rebut such claims by demonstrating that the defendant was predisposed to violate the law without extraordinary inducements." *Turner*, 569 F.3d at 641 (quotation marks omitted). As the Government noted in its response to the Defendant's objections to the PSR, when determining a defendant's predisposition to commit a crime, a court can consider evidence that the defendant was involved in drug trafficking before or after the offense of conviction. *See United States v. Bastanipour*, 41 F.3d 1178, 1183 (7th Cir. 1994) (evidence of prior narcotics conviction relevant to rebut entrapment defense in a prosecution for possession of heroin). Finally, a sentencing entrapment claim may alter the offense level under the career offender Guideline. *See United States v. Knox*, 573 F.3d 441, 451 (7th Cir. 2009) (court could consider a sentencing entrapment claim on its merits where the defendant argued the Government's sentencing entrapment led him to commit an offense that triggered the career offender Guideline instead of an offense that would not have qualified him as a career offender); *but see United States v. Bew*, 98 F. App'x 554, 556 (7th Cir. 2004) (finding defendant's sentencing entrapment argument frivolous because even if true it would not have changed the defendant's Guidelines range under the career offender Guideline).

The Seventh Circuit has previously considered a case similar to the Defendant's. In *United States v. Saulter*, 60 F.3d 270 (7th Cir. 1995), the defendant raised the doctrine of

sentencing entrapment because a confidential informant asked another defendant to cook cocaine into crack and the defendant was sentenced for distributing crack. *Id.* at 279. The *Saulter* defendant argued that his case was similar to *United States v. Sheperd*, 857 F. Supp. 105 (D.D.C. 1994), in which a confidential informant insisted that a defendant cook cocaine into crack, and testified that the reason he did so was to increase the defendant's sentence. The court in *Sheperd* sentenced the defendant based on the amount of cocaine distributed, and not the amount of crack, because it found that the confidential informant's request did not further the Government's investigation. The Seventh Circuit in *Saulter* declined to evaluate the persuasiveness of *Sheperd*, instead distinguishing it because in *Saulter* one of the defendants first suggested cooking the cocaine into crack, and only secondarily did the confidential informant request it be cooked into crack. The Seventh Circuit also distinguished *Sheperd* because it found that the confidential informant's request to cook the cocaine in *Saulter* did further the Government's investigation. Finally, the Seventh Circuit distinguished *Sheperd* because no evidence suggested the confidential informant in *Saulter* asked that the cocaine be cooked into crack solely to increase the defendant's sentence.

The Court finds that more briefing is required on sentencing entrapment. The parties have not addressed 1) whether the Defendant was predisposed to commit an offense involving crack as opposed to an offense involving cocaine; 2) whether the Defendant's will was overborne by unrelenting Government persistence; 3) whether the confidential informant's request that the Defendant cook the cocaine into crack furthered the Government's investigation; or 4) whether the confidential informant asked that the cocaine be cooked into crack solely to increase the defendant's sentence.

4

## CONCLUSION

For the reasons discussed above, the Court AFFORDS the Defendant until July 11, 2013, to submit a second sentencing memorandum addressing sentencing entrapment. Further, the Court ORDERS the Government to submit a response, if any, by July 22, 2013.

The Court hereby VACATES the Telephone Ruling/Scheduling Conference set for July 18, 2013, and RESETS the Telephone Ruling/Scheduling Conference to August 22, 2013, at 10:30 AM before Judge Theresa L. Springmann. The Court will initiate the call.

SO ORDERED on July 1, 2013.

                                          s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT